#### IN THE UNITED STATES DISTRICT COURT FOR THE
#### NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 07-CR-10-JHP |
| | ) | |
| **CHRISTOPHER GOODLETT,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER

Before the Court is the Report and Recommendation (Docket No. 21) of United States Magistrate Judge Paul J. Clearly regarding Defendant Christopher Goodlett's Motion to Suppress (Docket No. 9), filed on February 5, 2006. This matter was initially referred to the Magistrate Judge on February 15, 2007 pursuant to Fed. R. Crim. P. 59(b)(1) and 28 U.S.C. § 636(b)(1)(B), who conducted a hearing in this matter on February 28, 2007. On March 2, 2007, the Magistrate Judge issued his Report and Recommendation, in which he recommended that Defendant's Motion to Suppress be denied.

On March 14, 2007, Defendant filed objections to the Magistrate Judge's Report and Recommendation. Although Defendant states that "[t]he objections brought herein are separately concerned with the officer's explanation for detaining [Defendant] and the Magistrate's legal analysis for denying [Defendant's] Motion to Suppress" (Def.'s Objections at 1), Defendant fails to make any "*specific* written objections to the proposed findings and recommendations." Fed. R. Crim. P. 59(c) (emphasis added). Instead, Defendant simply reasserts the arguments previously raised in his Motion to Suppress, incorporating portions of Officer Osterdyk's testimony from the hearing where appropriate and challenging the veracity of this testimony. Essentially, Defendant's objections constitute a general challenge to the

Magistrate Judge's ultimate conclusion that the officers possessed a reasonable, articulable suspicion justifying their stopping and questioning Defendant, based upon the alleged insufficiency of the factual evidence justifying the seizure of Defendant.[1]

The evidence presented at the hearing indicates that on November 28, 2006, at 12:06 a.m., Natashia Galle called 911 and reported that her ex-husband had attempted to break into her home and threatened to kill her. Galle told the 911 dispatcher that her ex-husband was wearing a blue shirt. Officer Osterdyk testified that after he responded to the 911 call, Galle told him that her ex-husband was wearing a brown coat and a light-colored hat and could often be found at a convenience store, identified as one located within a nearby shopping center. Officer Osterdyk first encountered Defendant at 12:45 a.m., approximately one mile from the victim's residence, walking in the vicinity of the shopping center. Finally, Officer Osterdyk testified that Defendant was wearing a light-colored hat and brown coveralls, which he believed Galle might have mistaken for a brown coat, given that Galle was viewing her ex-husband through a window.

---

[1] As in his Motion to Suppress, Defendant again argues that he was "seized" for purposes of the Fourth Amendment when he acquiesced to the officers' show of authority by stopping and responding to Officer Osterdyk's questions. Insofar as the Magistrate Judge's Report and Recommendation *assumes* Defendant's seizure and concludes that even if Defendant were seized, the officers actions were justified at their inception and in their scope (Report and Recommendation at 8), Defendant's objection to the Report and Recommendation on this point is without merit. In contrast, the Government's Objections (Docket No. 24) to the Report and Recommendation, filed on March 15, 2007, challenge the Magistrate Judge statement that during Officer Osterdyk's initial questioning of Defendant concerning his identity, Defendant was "briefly detained" (Report and Recommendation at 8), arguing that Defendant was not yet "seized" for Fourth Amendment purposes. Insofar as the Court interprets the Magistrate Judge's Report and Recommendation to have assumed, rather than conclusively determined, that Defendant was "seized," the Court likewise finds the Government's objections on this issue to be without merit.

Defendant disputes Officer Osterdyk's testimony that Defendant was wearing a light-colored hat, noting that no such cap was booked in as part of Defendant's personal property at the Tulsa County Jail.  Instead, Defendant asserts that he was wearing a gray hooded sweatshirt underneath his brown coveralls.  Moreover, Defendant disputes Officer Osterdyk's "inarticulate hunch that [Galle] could not see her ex-husband" and his related "conclu[sion] [that] she could be mistaken about the brown coat she identified." (Def.'s Objections at 9.)  Finally, Defendant argues that "[t]he features of the description that [Officers] Smith and Osterdyk relied on to conclude that Defendant met the description given by the caller were too general to satisfy the Fourth Amendment's demand for a particularized and objective basis." (Def.'s Objections at 7.)

The Court disagrees.  In spite of Defendant's arguments to the contrary, based on the totality of the circumstances, the Court agrees with the Magistrate Judge that the officers possessed a reasonable suspicion that Defendant had been engaged in criminal activity sufficient to justify their stopping and questioning Defendant pursuant to the standards articulated in *Terry v. Ohio*, 392 U.S. 1 (1968).  Because Defendant's objections fail to raise any new issues of law or fact that alter the viability of the Magistrate Judge's Report and Recommendations, the Court finds Petitioner's objections to be without merit.

Instead, after carefully reviewing both the Report and Recommendation and the record in this case, and having listened to a recording of the hearing in this matter, the Court concludes that the Report and Recommendation correctly applies applicable law to the facts of this case in a thorough and well reasoned manner.  Accordingly, the Court adopts the Report and Recommendation as the findings and order of this Court.  For the reasons stated in the Report

and Recommendation and set forth above, Defendant Christopher Goodlett's Motion to Suppress (Docket No. 9) is hereby DENIED.

IT IS SO ORDERED this 19th day of March, 2007.

James H. Payne
United States District Judge
Northern District of Oklahoma