**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| *Respondent/Plaintiff*, | ) ) | |
| **v.** | ) ) | **07-CR-010-JHP** (Case No: 09-CV-774-JHP) |
| **CHRISTOPHER LAMAR GOODLETT,** | ) ) | |
| *Petitioner/Defendant*. | ) | |

## OPINION AND ORDER

Before the Court is Petitioner Christopher Lamar Goodlett's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. No. 51], and Brief in Support of Motion [Doc. No. 52], the Government's Response to Petitioner's 28 U.S.C. § 2255 Motion [Doc. No. 55], and the Petitioner's Reply to Government's Response [Doc. No. 56]. Goodlett alleges he received ineffective assistance of counsel and the Magistrate Judge's ruling regarding his Motion To Suppress a gun found by officers was based on an unreasonable determination of facts. For the reasons cited herein, Goodlett's motion is **DENIED**.

## BACKGROUND

On January 12, 2007, a two-count indictment was filed charging the Petitioner with possessing a firearm and ammunition after a felony conviction in violation of 18 U.S.C. §922(g)(1), and possession of an unregistered sawed-off shotgun in violation of 26 U.S.C. §5861(d). [Doc. No. 2] Both counts against Goodlett arose from an encounter with a Tulsa police officer who was investigating a 9-1-1 call reporting a violation of a protective order. The officer approached and

questioned Goodlett believing he matched the description of the suspect provided by the victim. When the officer asked Goodlett if he had any ID on him Goodlett stated he did not. When the officer approached Goodlett he saw "a pistol grip handle with some red tape and what looked like a shotgun" inside his coveralls. [Doc. No. 21] The officer then approached Goodlett and took possession of the weapons. Goodlett filed a motion to suppress the firearm claiming the officer lacked reasonable suspicion that he had engaged in any criminal activity and, therefore, the search and seizure was unlawful.

Magistrate Judge Cleary held an evidentiary hearing and issued a Report and Recommendation concluding that Goodlett's Fourth Amendment rights had not been violated and that the Motion to Suppress be denied. [Doc. No. 21] The Defendant's attorney filed a 10 page objection to the Report and Recommendation of the Magistrate Judge [Doc. No. 23]. The Government also filed an objection to the Report and Recommendation as to whether or not Goodlett was actually seized within the meaning of the Fourth Amendment [Doc. No. 24]. This Court issued an Opinion and Order adopting the Report and Recommendation of Magistrate Judge Cleary and denying the Defendant's objections. [Doc. No. 25] The Court also denied the Government's objections clarifying that the Magistrate Judge did not find Goodlett was seized within the meaning of the Fourth Amendment, but rather, assumed for purposes of the analysis that there had been a seizure. [Doc. No. 25]

On March 20, 2007, Goodlett entered a conditional plea to both counts of the indictment, reserving the right to appeal the Court's ruling on the Motion to Suppress. On June 27, 2007, the Court sentenced Goodlett to 57 months imprisonment in the custody of the Bureau of Prisons as to each count, with said terms of imprisonment to run concurrently. Following release from

imprisonment, Goodlett was ordered to serve an additional three years on supervised release. Further, Goodlett was ordered to pay a $200.00 special assessment and a $3,600.00 fine. The Judgment and Commitment was filed on July 20, 2007.

Goodlett appealed the Court's denial of the Motion to Suppress to the Tenth Circuit. The Tenth Circuit affirmed this Court's conclusion that, assuming there was a seizure, it was justified by reasonable suspicion. *United States v. Goodlett*, 287 F.App'x 699 (10th Cir. Jul. 29, 2008)(*unpublished*). Goodlett also filed a Petition for Writ of Certiorari with the United States Supreme Court which was denied. [Doc. Nos. 49-50]

## DISCUSSION

Goodlett seeks relief in his §2255 motion on two grounds: (1) the Magistrate Judge's findings in the Report and Recommendation regarding the Motion to Suppress were not factually supported, and (2) that he received ineffective assistance of counsel.

## I. GOODLETT'S CLAIM CHALLENGING THE FACTUAL BASIS FOR THE MAGISTRATE JUDGE'S FINDINGS

The Government argues that the Petitioner is procedurally barred from raising issues regarding the Magistrate Judge's findings in the Report and Recommendation since Goodlett filed a direct appeal with the Tenth Circuit and filed a Petition for Writ of Certiorari with the United States Supreme Court raising the validity of the Magistrate Judge's findings and the District Court's adoption of those findings. Issues which have been previously disposed of by the circuit on direct appeal cannot be raised again in a §2255 motion unless there has been a change in the law. *U.S. v. Prichard*, 875 F.2d 789 (10th Cir. 1989). There has been no change in the law regarding Goodlett's case, therefore, he cannot re-urge issues before this Court by way of a §2255 motion that have already been presented to the Tenth Circuit on direct appeal.

3

Goodlett contends he should not be barred from collaterally attacking the factual conclusions made by the Magistrate Judge because the arguments he now raises are not the same issues he raised at the Tenth Circuit and therefore, is raising them for the first time in his §2255 motion. However, Goodlett is also procedurally barred from raising new issues in a §2255 motion which have not been previously asserted on direct appeal. "A defendant's failure to present an issue on direct appeal bars him from raising the issue in his § 2255 motion, unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. Warner*, 23 F.3d 287 (10th Cir. 1994). Nevertheless, the "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003). This Court finds that barring Goodlett from asserting claims which were not raised in his direct appeal will not result in a miscarriage of justice. Goodlett has also not presented any reason or good cause for his failure to raise these issues in his direct appeal.

Although Goodlett is not procedurally barred from bringing his ineffective assistance of counsel claims pursuant to a §2255 motion, his claims regarding basis of the Magistrate Judge's findings, which Goodlett claims are being raised for the first time in his §2255 motion and were not raised in his direct appeal, are procedurally barred.

## II. GOODLETT'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM

Goodlett contends that his trial counsel was ineffective for failing to make "specific" written objections to the Magistrate Judge's Report and Recommendation and failed to raise certain issues which, Goodlett argues would have "put the district court on notice as to the inadequacies in the

4

officer's testimony ..." [Doc. No. 52]

Ineffective assistance claims are reviewed under the framework set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). "To prove ineffective assistance of counsel at either the trial or appellate stage, a defendant must show, by a preponderance of the evidence, that (1) counsel's performance fell below an objective standard of reasonableness, and (2) prejudice, such that there is a reasonable probability that but for counsel's errors, the outcome of the trial would have been different." *Young v. Sirmons*, 486 F.3d 655, 674 -675 (10th Cir. 2007); *see Strickland*, 466 U.S. at 687. Courts are free to address the performance and prejudice components in any order and need not address both where a defendant fails to make a sufficient showing of one. *Strickland*, 466 U.S. at 697. "[A] failure to prove either one is dispositive." *United States v. Orange*, 447 F.3d 792, 797 (10th Cir. 2006).

In denying Goodlett's objections to the Magistrate's Report and Recommendations, this Court stated:

> Although Defendant states that "[t]he objections brought herein are separately concerned with the officer's explanation for detaining [Defendant] and the Magistrate's legal analysis for denying [Defendant's] Motion to Suppress" (Def.'s Objections at 1), Defendant fails to make any "*specific* written objections to the proposed findings and recommendations." Fed. R. Crim. P. 59(c) (emphasis added). Instead, Defendant simply reasserts the arguments previously raised in his Motion to Suppress, incorporating portions of Officer Osterdyk's testimony from the hearing where appropriate and challenging the veracity of this testimony. Essentially, Defendant's objections constitute a general challenge to the Magistrate Judge's ultimate conclusion that the officers possessed a reasonable, articulable suspicion justifying their stopping and questioning Defendant, based upon the alleged insufficiency of the factual evidence justifying the seizure of Defendant.
> [Doc. No. 25]

Goodlett contends that the Court's finding that his Counsel failed to make any specific

5

objections to the Report and Recommendation evidences trial counsel's violation of Fed. R. Crim. P. 59 and therefore, failed to preserve these issues for "*de novo* review by the district judge or for appellate review." [Doc. No. 56]

Contrary to Goodlett's arguments, however, this Court, in it's Order adopting the Magistrate's Report and Recommendation, specifically addressed the arguments raised by Goodlett in his objections to the Magistrate Judge's report and now in his §2255 motion and held:

> . . .In spite of Defendant's arguments to the contrary, based on the totality of the circumstances, the Court agrees with the Magistrate Judge that the officers possessed a reasonable suspicion that Defendant had been engaged in criminal activity sufficient to justify their stopping and questioning Defendant pursuant to the standards articulated in *Terry v. Ohio*, 392 U.S. 1 (1968). Because Defendant's objections fail to raise any new issues of law or fact that alter the viability of the Magistrate Judge's Report and Recommendations, the Court finds Petitioner's objections to be without merit.
> Instead, after carefully reviewing both the Report and Recommendation and the record in this case, and having listened to a recording of the hearing in this matter, the Court concludes that the Report and Recommendation correctly applies applicable law to the facts of this case in a thorough and well reasoned manner.
> [Doc. No. 25]

Further, Goodlett presented his arguments to the Tenth Circuit Court of Appeals who did not find that appeal or arguments were waived because counsel failed to make specific objections to the Magistrate Judge's Report and Recommendations but rather, addressed the merits of the appeal and issued an 11 page Order and Judgment affirming this Court's adoption of the Magistrate Judge's findings. [Doc. No. 47]

Since Goodlett was afforded both a review of the issues he now raises by this Court and appellate review, Goodlett has failed to show that he was prejudiced by his counsel's failure to raise specific objections to the Magistrate Judge's Report and Recommendation. Goodlett's right to

appellate review was not waived by counsel's actions; in fact, Goodlett exercised his right to appeal.

Goodlett also argues that had counsel made specific objections to the officer's actions, this Court's decision would have been different. This Court disagrees. As evidenced from the Order issued adopting the Report and Recommendation of the Magistrate Judge [Doc. No. 25], despite the recognized deficiencies in counsel's objections, this Court evaluated the factual and legal basis for the Magistrate Judge's decision and concluded that the totality of the circumstances was sufficient to justify the officer's reasonable suspicion in stopping and questioning the Petitioner.

Accordingly, the Court finds that Goodlett has failed to demonstrate his entitlement to relief pursuant to § 2255.

## CONCLUSION

For the reasons cited herein, Petitioner Christopher Lamar Goodlett's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. No. 51] is hereby **DENIED**.

James H. Payne
United States District Judge
Northern District of Oklahoma